**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William A. Graven,<br><br>          Plaintiff,<br><br>v.<br><br>Mark Brnovich, et al.,<br><br>          Defendants. | No. CV-22-00062-PHX-GMS<br><br>**ORDER** |

Before the Court are William A. Graven ("Plaintiff")'s three Motions for Extension of Time (Docs. 37, 39, 44) to file responses to Defendants'[1] pending motions to dismiss Plaintiff's complaint (Docs. 33, 34). Also before the Court is Defendants' Motion for Summary Disposition of Defendants' Motions to Dismiss (Doc. 47), and Plaintiff's Motion for Extension of Time to file a response to the motion (Doc. 54). Plaintiff has also filed a Notice of Interlocutory Appeal (Doc. 45), and several motions seeking miscellaneous relief (Docs. 48, 50). For the following reasons, Plaintiff's interlocutory appeal is certified as frivolous, Plaintiff is granted a ten-day extension to file a response to the pending motions to dismiss, and Defendants' motion is denied.

---

[1] Of the eleven Defendants in this action, ten are sued for acts allegedly committed while serving in the Arizona Attorney General's Office: Mark Brnovich, Michael Bailey, Don Conrad, Paul Ahler, Joe Waters, Lisa Rodriguez, Mark Perkovich, Zora Manjencich, Jennifer Perkins, and John Lopez ("State Defendants"). The State Defendants filed one motion to dismiss, (Doc. 33), and Defendant Mark Dangerfield filed a separate motion, (Doc. 34).

## I. Frivolous Appeal

Ordinarily, "the filing of a notice of interlocutory appeal divests the district court of jurisdiction over the particular issues involved in that appeal." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001). However, if the district court finds that the interlocutory appeal is "frivolous," it "may certify, in writing, that [the plaintiff] has forfeited their right" to appeal and may proceed with the litigation. *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992) (adopting rule for interlocutory appeals of denials of qualified immunity); *see also Nascimento v. Dummer*, 508 F.3d 905, 908 (9th Cir. 2007) ("When a Notice of Appeal is defective in that it refers to a non-appealable interlocutory order, it does not transfer jurisdiction to the appellate court, and so the ordinary rule that the district court cannot act until the mandate has issued on the appeal does not apply."); *Ruby v. Sec. of Navy*, 365 F.2d 385, 389 (9th Cir. 1966) ("Where the deficiency in a notice of appeal . . . is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction."). An appeal is frivolous if it is "so baseless that it does not invoke appellate jurisdiction." *Dagdagan v. City of Vallejo*, 682 F. Supp. 2d 1100, 1116 (E.D. Cal. 2010) (quoting *Schering Corp. v. First DataBank, Inc.*, No. C 07-01142 WHA, 2007 WL 1747115, at *3 (N.D. Cal. June 18, 2007)).

Plaintiff's interlocutory appeal does not invoke appellate jurisdiction because it does not seek review of any order by this Court. Instead, Plaintiff requests that the United States Court of Appeals for the Ninth Circuit review his complaint and hold a hearing, all before this Court has had the opportunity to rule on the pending motions to dismiss. 28 U.S.C. § 1291 limits the jurisdiction of the federal courts of appeals to "all final decisions of the district courts of the United States," and 28 U.S.C. § 1292 permits review of some, but not all, interlocutory orders. *See* 28 U.S.C. §§ 1291, 1292. But sections 1291 and 1292 are clear: For appellate jurisdiction to lie, there must be *some* underlying order for the appellate court to review. *See Link v. Mercedes-Benz of N. Am., Inc.*, 550 F.2d 860, 863 (3d Cir. 1977) ("[O]ur jurisdiction extends only to orders of the district court."). Because Plaintiff's

Notice of Appeal does not identify any order by this Court that is properly reviewable by the Ninth Circuit, his appeal is frivolous, and the Court retains jurisdiction over the entire case.[2] To the extent Defendants' Motion for Summary Disposition seeks a certification that Plaintiff's appeal is frivolous, it is granted.

## II. Motions to Extend

The State Defendants and Defendant Dangerfield separately filed motions to dismiss Plaintiff's complaint on March 14, 2022. (Docs. 33, 34.) Plaintiff's response to both motions was due March 28, 2022, but no response was filed. Instead, Plaintiff filed a Motion for Change of Venue on March 15, (Doc. 36), a Motion to Strike on March 22, (Doc. 38), a Motion for Hearing on March 24, (Doc. 43), and three motions to extend the deadline for his responses to the motions to dismiss until after the Court ruled on his motions. (Docs. 37, 39, 44.) Defendants urge the Court to summarily dismiss Plaintiff's complaint under LRCiv 7.2(i) because he has failed to timely respond to their motions to dismiss.

Plaintiff's requested relief amounts to staying the briefing on Defendants' motions to dismiss until the Court rules on motions that Plaintiff filed *after* Defendants' motions. The Court declines to do so. Nevertheless, Plaintiff is granted an extension to file responses to both motions to dismiss (Docs. 33, 34). *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). Plaintiff's responses are due ten (10) days from the date of this order and will be deemed timely filed.[3] Defendants may respond in the manner envisioned by the Local Rules. *See* LRCiv 7.2(d). As the Court will permit Plaintiff to respond to the pending motions to dismiss, Defendants' Motion for Summary Disposition is denied to the extent it seeks a ruling from the Court on the motions to dismiss without

---

[2] While Plaintiff's Motion for Miscellaneous Relief / Clarification of Various Matters (Doc. 48) and his Emergency Motion for Miscellaneous Relief / Appeal Status (Doc. 50) appear addressed to the Ninth Circuit, they were filed on this Court's docket. To the extent Plaintiff wishes their contents to be considered by the Ninth Circuit, they must be filed directly with the Ninth Circuit. To the extent Plaintiff seeks clarification from this Court as to the status of his interlocutory appeal and his requested extensions of time, this order addresses his concerns, and his motions are denied as moot.

[3] As to all other outstanding motions, deadlines for filing Responses and Replies are set forth in the Local Rules, which govern this action. *See* LRCiv 7.2.

hearing from Plaintiff first. Plaintiff's request for an extension of time to respond to Defendants' Motion for Summary Disposition (Doc. 54) is denied as moot.

### CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** certifying Plaintiff's Interlocutory Appeal (Doc. 45) as **frivolous** for the reasons stated in this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Extension of Time to File Response (Docs. 37, 39, 44) are **GRANTED in part and DENIED in part.** Plaintiff's responses to the pending motions to dismiss are due on **April 18, 2022**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Disposition of Defendants' Motions to Dismiss (Doc. 47) is **GRANTED in part and DENIED in part.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Miscellaneous Relief/Clarification of Various Matters (Doc. 48) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Emergency Motion for Miscellaneous Relief/Appeal Status (Doc. 50) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for an Extension of Time to Respond to Appellees' Motion for Summary Disposition (Doc. 54) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff shall not file any further motions without prior approval from the Court until the Court rules on all pending motions. Plaintiff shall seek leave of the Court to file any further motion by filing a Request for Permission to File Motion and lodging the proposed motion at the time of filing his Request.

Dated this 7th day of April, 2022.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge