**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William A. Graven,<br><br>        Plaintiff,<br><br>v.<br><br>Mark Brnovich, et al.,<br><br>        Defendants. | No. CV-22-00062-PHX-GMS<br><br>**ORDER** |

Before the Court are four requests by William A. Graven ("Plaintiff") to file motions in this case. (Docs. 64, 66, 68, 70.) In compliance with the Court's prior order that he seek permission before filing any additional motions, (Doc. 55 at 4), Plaintiff now wishes to file three motions to strike portions of the Defendants' replies to their motions to dismiss, (Docs. 64, 66, 68), and a motion for judgment "on Defendants' 11 pleadings plus." (Doc. 70 at 1.)

Plaintiff's three proposed motions to strike are accepted for consideration by the Court, and denied. While Federal Rule of Civil Procedure 12(f) contemplates motions to strike "any redundant, immaterial, impertinent, or scandalous matter," Fed. R. Civ. P. 12(f), "even a properly made motion to strike is a drastic remedy which is disfavored by the courts and infrequently granted." *Yount v. Regent Univ., Inc.*, No. CV-08-8011-PCT-DGC, 2009 WL 995596, at *11 (D. Ariz. Apr. 14, 2009) (quoting *Int'l Longshoreman's Assoc. v. Va. Int'l Terminals, Inc.*, 904 F. Supp. 500, 504 (E.D. Va. 1995)). To prevail, Plaintiff "must

show 1) that the material is redundant, immaterial, impertinent, or scandalous or that the requested relief is unavailable and 2) how such material will cause prejudice." *Vesecky v. Matthews (Mill Towne Center) Real Estate, LLC*, No. CV-09-1741-PHX-JAT, 2010 WL 749636, at *1 (D. Ariz. Mar. 2, 2010). Plaintiff has not met his burden to show that the material he seeks to strike is "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). To the extent the Plaintiff believes that the Defendants' Reply misstates Plaintiff's pleadings, he may be reassured that the Court will read the Plaintiff's actual pleadings and give them the required deference they are due in deciding the Motion. Therefore, his three proposed motions to strike are denied.

Plaintiff's fourth request, to file a motion for judgment "on Defendants' 11 pleadings plus," is denied. (Doc. 70 at 1.) To the extent Plaintiff seeks judgment on the pleadings under Federal Rule of Civil Procedure 12(c), such a motion is untimely. Motions for judgment on the pleadings may be brought only "[a]fter the pleadings are closed." Fed. R. Civ. P. 12(c). As the Court has not ruled on the two motions to dismiss, the pleadings have not yet closed. *See* Fed. R. Civ. P. 12(a)(1), (a)(4). And to the extent Plaintiff seeks to bring a motion for summary judgment, *see* Fed. R. Civ. P. 56(a), such a motion is likewise untimely because no discovery has been taken in this case. "Generally[,] where a party has had no previous opportunity to develop evidence and the evidence is crucial to material issues in the case, discovery should be allowed before the trial court rules on a motion for summary judgment." *Program Eng'g, Inc. v. Triangle Publ'ns, Inc.*, 634 F.2d 1188, 1193 (9th Cir. 1980). As the two motions to dismiss are fully briefed and submitted for the Court's consideration, any further dispositive motion practice is inappropriate at this time.

**IT IS HEREBY ORDERED** granting Plaintiff's Requests to File (Docs. 64, 66, and 68).

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to file the Motions to Strike lodged at Docs. 65, 67, and 69.

**IT IS FURTHER ORDERED** that the Motions to Strike are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's request to file a Motion for Judgment "on Defendants' 11 pleadings plus" (Doc. 70) is **DENIED.** The Clerk of Court is directed to strike the document lodged at Doc. 71.

Dated this 2nd day of May, 2022.

G. Murray Snow
Chief United States District Judge